## LOUIS MANDEL
*vs.*
## LEE M. BERMAN, ET AL.

Superior Court          Fairfield County          File No. 53877

MEMORANDUM FILED FEBRUARY 14, 1939.

*Vogel & Sigsway*, of South Norwalk, for the Plaintiff.

*Benjamin Pokras*, of Bridgeport, for the Defendants.

QUINLAN, J.   The questions involved here were presented on briefs for my consideration some time after hearing the evidence on the counts now withdrawn.

The first ground of demurrer is general but as there is so little involved, and the parties have met the issues, the technicality will be overlooked.

Inasmuch as the contract or lease was to be performed in Connecticut and to have its entire beneficial operation and effect here, I find that the law of Connecticut is applicable. *Chillingworth vs. Eastern Tinware Co., et al.*, 66 Conn. 306, 318.

Section 5023 of the General Statutes, Revision of 1930, reads as follows: "The tenant of any tenement which may be,

without his fault or neglect, so injured as to be unfit for occupancy, shall not be liable to pay rent after such injury so long as such tenement is untenantable, if he continue to occupy, unless it be otherwise expressly provided by written agreement; and, in case of such injury, he may quit possession of such tenement, but, if the same shall become fit for occupancy during the continuance of his lease, he shall then pay the rent, and may again occupy it."

Under the statute, to save the tenant from liability for rent, it must appear that it has become unfit for occupancy "without his fault or neglect." The present complaint so alleges. Assuming that can be proved the plaintiff seeks to go beyond the statute and recover for rent paid in advance. The statute in terms does not authorize this, but certainly the purpose of the statute was to avoid the harshness of the common law, and to that extent enunciates a policy of fairness and justice.

With this policy in mind as part justification, and the decision of *Anderson vs. Yaworski*, 120 Conn. 390, as further assistance, it is conceivable that our Supreme court would recognize the theory of failure of consideration. In that case a recovery for a deposit made under a bond for a deed was allowed. In this case possession had passed. In that case possession had not passed, but the latter case involved title and ownership as distinguished from the possession of enjoyment.

In any event, it must be proven that the fire occurred without fault or neglect of the plaintiff. If he cannot prove that, he has no case. In view of the conflict on the question (see cases, Note, 33 L.R.A. [N.S.] 540 and 36 C.J. Landlord and Tenant §1287) of the right to recover because of destruction of property and in the light of the small amount involved and the burden above referred to cast upon the plaintiff, I believe a trial the cheaper and fairer method to dispose of a substantive right, and the demurrer is overruled.